UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CAROLYN H. SRIVASTAVA,       )
                             )
         Plaintiff,          )
   vs.                       ) Case No. 1:13-cv-134-WTL-DKL
                             )
DAVID F. HAMILTON, et al.,   )
                             )
         Defendants.         )

**Entry and Order Dismissing Action**

**I.**

This lawsuit was removed from the Monroe Circuit Court on January 24, 2013. The following day this court noted that restrictions have been imposed on the plaintiff's ability to file papers in all federal courts in this Circuit. These restrictions are set forth in the *Order* of the Court of Appeals issued on August 30, 2011, in No. 11-2817. The *Order* of the Court of Appeals is this:

> [T]he clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Carolyn H. Srivastava unless and until she pays in full the sanction that has been imposed against her. *See In re: City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack,* 45 F.3d at 186-87. This order will be lifted immediately once Srivastava makes full payment. *See City of Chi.*, 500 F.3d at 585-86.

The *Amended Injunction* issued on July 29, 2011, enjoins the plaintiff from filing or continuing to litigate any claim, however designated, in any court of any jurisdiction, in which she targets the defendants in any of her prior cases or claims litigated in this court. *In re: Srivastava*, 2011 U.S. Dist. LEXIS 84121 (S.D.Ind. July 29, 2011).

The court has taken judicial notice of the foregoing restrictions and the plaintiff has been notified of them. The plaintiff was given a period of time in which to demonstrate that those restrictions are either no longer in effect or would not prevent her from prosecuting this case with filings and in other respects. She responded with her filing of February 8, 2013, which has been considered.

The plaintiff's response filed on February 8, 2013, consists of her narration of the filing and removal of the case, her acknowledgment of this court's Entry of January 25, 2013, and her disagreement with the *Order* of the Court of Appeals issued on August 30, 2011, in No. 11-2817. Her disagreement leads her to the conclusion that the *Order* is not valid, but the record shows otherwise. The *Order* is valid and must be enforced.

## II.

The consequence of the circumstances noted in Part I of this Entry is that the plaintiff is prohibited from filing papers in this action based on the *Order* in No. 11-2817, which remains in effect. In turn, the plaintiff is unable to prosecute this action.

The action is therefore **dismissed for failure to prosecute.** The only way to prevent the further abusive litigation of this plaintiff is to specify that the dismissal be with prejudice.

Judgment consistent with this Entry shall now issue.

## III.

The plaintiff is reminded that there is no exception in the *Order* of August 30, 2011, in No. 11-2817 for post-judgment filings or for appeals. No documents submitted for filing by or on behalf of the plaintiff in this action will be accepted. No such filing should be attempted.

**IT IS SO ORDERED**.

Date: __05/03/2013_____

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Carolyn H. Srivastava
3105 Lehigh Ct.
Indianapolis, IN 46268